**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 26 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**KRISTYLE ADKINS**                                                        **PLAINTIFF**

VS.                              NO. 4:11 cv 361 BSM

**JAMES HART, individually, and in his**
**Official capacity as a Sergeant in and for**
**The Saline County Sheriff's Department;**
**BRUCE PENNINGTON, individually, and**
**In his official capacity as Sheriff of Saline**
**County, Arkansas; and, SALINE COUNTY,**
**ARKANSAS**                                                            **DEFENDANTS**

This case assigned to District Judge Miller
and to Magistrate Judge Kay

### COMPLAINT

---

**COMES THE PLAINTIFF, Kristyle Adkins,** by and through her attorneys,

Edward G. Adcock, Arkansas Bar No. 83001, and C. Daniel Hancock, Arkansas Bar No.

2001-022 and for her Complaint, states and alleges as follows, *to wit*:

### I.

### Introduction

This is an action for declaratory, injunctive and monetary relief brought by

Plaintiff, **Kristyle Adkins,** against Defendants **David Hart,** a Sergeant and jailer in the

Saline County Detention Center, **Bruce Pennington,** Saline County Sheriff, and **Saline**

**County, Arkansas,** alleging as more specifically set forth below: **[a]** that the individual

Defendant, David Hart, acting individually and in his official capacity as a jailer in and

for Saline County, Arkansas, did brutalize Plaintiff, using force greater than that

necessary to serve the legitimate interest of order in the Saline County Detention Center

in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution

of the United States, in violation of the laws of the State of Arkansas and in violation of

1

Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*; **b]** that the acts of Sergeant Hart complained of herein were a part of and consistent with a policy, pattern and practice of behavior toward inmates sanctioned and authorized by the Defendant, Bruce Pennington, and, through Pennington, by the Defendant, Saline County, Arkansas, again in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, Arkansas law and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*; and, **[c]** that the acts and conduct of the Defendants Hart and Pennington complained of herein were willful, purposeful and malicious.

## II.

### Jurisdiction and Venue

1. Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically rights guaranteed Plaintiff by the Fifth, Eighth and/or the Fourteenth Amendments to the Constitution of the United States. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367.

2. Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the boundaries of Benton, Saline County, Arkansas within the Western Division of the Eastern District of Arkansas.

## II.

### Parties

2

**3.** Plaintiff, Kristyle Adkins, is a resident of Benton, Saline County, Arkansas.

**4.** Defendant, David Hart, is a resident of Benton, Saline County, Arkansas. At all times pertinent hereto he was a jailer in and for the Saline County Detention Center. As such, he was responsible for implementing and following policies, procedures and guidelines for the care and safekeeping of detainees in the Saline County Detention Center. He was also responsible for and under a duty not to harm detainees in the Saline County Detention Center, which duty he violated in this case by brutalizing Plaintiff. All of the acts and conduct of Defendant Hart complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

**5.** Defendant Bruce Pennington is a resident of Saline County, Arkansas. At all times pertinent hereto he was the Saline County Sheriff. In that capacity, and pursuant to Ark. Code Ann. Sections 12-41-502, 12-41-503, 12-41-507 and 12-26-101 *et.seq.,* he was responsible **a)** for the operation of the Saline County Detention Center, including, specifically, the establishment and enforcement of policies, practices, procedures and regulations for the conduct of the Independence County Detention Center and its officials/employees, **b)** for the hiring, training, supervision and control of all members of the Independence County Sheriff's Department, specifically, the administrators and jailers in the Saline County Sheriff's Department, and, **c)** for the general operation, practices and totality of conditions in the Saline County Detention Center, including but not limited to maintaining the Saline County Detention Center in conformity with State of Arkansas jail standards and Constitutional requirements.   As such, he is also

3

responsible for those institutional patterns of action, or lack of action, by any and all employees of the Saline County Detention Center, which result in the creation of, or tacit approval of, "ad hoc" policies that violate the constitutional rights of pretrial detainees or convicted inmates housed in the Saline County Detention Center. All of the acts and conduct of Defendant Pennington complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

6.   Defendant, Saline County, Arkansas is a governmental entity authorized and acting pursuant to the laws of the State of Arkansas. All of the acts and conduct of its agents and employees complained of herein were under color of state law and all of the acts and conduct of its agents/employees complained of herein were pursuant to policies and procedures and consistent with practices sanctioned by management officials of Independence County.

## IV.

### Facts

7.   On February 7, 2011, Plaintiff Kristyle Adkins was a detainee in the Saline County Detention Center, serving a ninety (90)-day sentence for having violated the terms of her probation in the Saline County Drug Court.

8.   On February 7, 2011, Plaintiff Kristyle Adkins was brutally assaulted in the Saline County Detention Center by Defendant David Hart. Specifically:

a)   Hart forced Adkins to the floor by placing his knee in her back and throwing her down;

b)   Hart then escorted Plaintiff Adkins from F Pod to the book-in area and slammed Plaintiff Adkins into at least two (2) cell doors while in route. During the

4

escort he [Hart] also held Plaintiff's arms high in the air behind her causing her pain and making it difficult for her to walk. Finally, during part of the escort Hart pulled Plaintiff Adkins hair, using her hair to move her forward and side to side; and,

    **c)**    When they arrived at the book-in area, Hart lifted Plaintiff off the ground and slammed her into a restraint chair with such force that he dislocated her arm, causing her emotional distress, intense immediate physical pain and permanent injury.

**9.**    All of the force used by Defendant Hart, *see* Paragraph No. 8 a), b) and c), above, was unnecessary and well in excess of that necessary to control Plaintiff and well in excess of that necessary to effectuate the County's interest in maintaining order and discipline in the detention center. At no point in the entire incident did Plaintiff Adkins physically resist Defendant Hart.

**10.**    The acts of Defendant Hart complained of above were part of a pattern of conduct and a generalized practice of jailers in the Saline County Detention Center authorized and sanctioned and approved by officials/administrators of the Saline County Sheriff's Department, specifically Sheriff Bruce Pennington. This pattern, practice and/ or policy is evidenced by:

    **a)**    the fact that Plaintiff Hart had recently brutalized another prisoner by moving him from one place to another in much the same manner he pushed, shoved and dragged Plaintiff herein, all without consequences or discipline despite a complaint having been filed;

    **b)**    the fact that other acts of brutality occurred in the Saline County Detention Center without consequence or discipline, this despite management's knowledge of the incidents;

5

    **c)**     the fact that, despite the fact that the jail administrator knew immediately of Hart's brutality toward Plaintiff, no investigation was started until Plaintiff's attorney filed an FOI request, signaling the Sheriff's Office that she was represented and that the matter could not be ignored; and,

    **d)**     the fact that the Sheriff, Defendant Pennington, has previously specifically sanctioned the use of force by jailers, saying that he knew what it took to "whip some ass" and telling a staff meeting of jailers he knew how much that was a part of the job and telling those present not to worry about lawsuits, in essence, giving them an enthusiastic endorsement of the use of force in the jail, with no mention of Constitutional parameters for their use of force.

**11.**    The acts and conduct of Defendants Hart and Pennington complained of herein were knowing, purposeful, willful and malicious.

**12.**    The acts and conduct of the Defendant Hart complained of herein were intended to cause and did, in fact, create a reasonable apprehension of immediate harmful or offensive contact upon Plaintiff's person in violation of the laws of the State of Arkansas.

**13.**    The acts and conduct of the Defendant Hart complained of herein were intended to cause and did cause harmful or offensive with the person of Plaintiff in violation of the laws of the State of Arkansas.

**14.**    The acts and conduct of the Defendants Hart and Pennington and Saline County complained of herein constituted an unreasonable seizure and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of Article II, Section 8 of the Arkansas

6

Constitution and, hence, in violation of the Arkansas Civil Rights Act, Ark. Code Ann.
Sections 16-123-101 *et. seq.*.

**15.** As a direct and proximate result of the acts and conduct of all Defendants
complained of above, *see* Paragraph Nos. 1 through 11, above, Plaintiff suffered extreme
physical pain, permanent injury and emotional pain and suffering.

**16.** The acts and conduct of all individual Defendants complaint of above
willful and malicious and purposefully calculated to cause Plaintiff extreme harm, pain,
personal anguish, embarrassment and humiliation.

**17.** As a result of the actions and conduct of Defendants complained of above
Plaintiff has suffered actual damages, including but not limited to permanent physical
injury, severe physical pain, extreme humiliation emotional distress and pecuniary
damages.

## V.

### Causes of Action

**18.** Plaintiff incorporates Paragraph Nos. 1 through 17, above, as though
specifically set forth word-for-word, and sets forth the following causes of action:

- (a) The acts and conduct of all Defendants complained of herein constitute
  an unreasonable seizure and cruel and unusual punishment in violation of
  the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution
  of the United States;

- (b) The acts and conduct of individual Defendants Hart and Pennington were
  knowing, purposeful, willful and malicious;

- (c) The acts and conduct of all Defendants complained of herein constitute a
  violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-

7

123-101 *et. seq. b*ecause they constitute an unreasonable seizure in violation of Article 2, Section 8 of the Arkansas Constitution as well as cruel and unusual punishment also guaranteed her under the Arkansas Constitution.

## VI.
## Demand for Jury Trial

**19.**     Plaintiff demands a trial by jury.

## VII.
## Prayer for Relief

**20.**     In consideration of the foregoing, Plaintiff, Kristyle Adkins, after service of this Complaint upon the Defendants herein, prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, Prays for this Court to issue a Judgment:

a)     Declaring the acts and conduct of all defendants complained of herein to constitute an unreasonable seizure and cruel and unusual punishment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

b)     Declaring the acts and conduct of all defendants complained of herein to deprive Plaintiff of her right to be free from the unreasonable seizures and cruel and unusual punishment in violation of the Arkansas Constitution and, therefore, actionable pursuant to the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*;

c)     Declaring the acts and conduct of Defendant Hart herein to constitute the torts of assault and battery in violation of the laws of the State of Arkansas;

8

**d)**     Awarding Plaintiff actual monetary and compensatory damages and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

**e)**     Awarding Plaintiff punitive damages against all named Defendants herein, specifically Defendants Hart and Pennington;

**f)**     Awarding Plaintiff her costs incurred in bringing this action, including reasonable attorney's fee, pursuant to 42 U.S.C. Section 1988;

**g)**     Specifically enjoining Defendants from any further acts or conduct in derogation of their duty to safeguard inmates in the detention center and monitoring Defendants' progress in achieving specific goals and timetables for the provision of adequate care and supervision;

**h)**     Awarding Plaintiff all other just and equitable relief to which she may be entitled.

**DATED** this _25th_ day of _APRIL_____, 2011

Respectfully submitted,

**KRISTYLE ADKINS**

By: _____

**Edward G. Adcock**
Arkansas Bar No. 83001
1018 Cumberland # 11
Little Rock, AR 72202
Office Telephone: 501.690.6104
Facsimile: 501.374.5198
Email: egalaw@aol.com

&

9

By:

**C. Daniel Hancock**
Arkansas Bar No. 2001-022
610 East Sixth Street
Little Rock, AR 72202
Phone: 501.372.6400
Email: hancock@hlblaw.com